# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF SOUTH CAROLINA
## BEAUFORT DIVISION

| | |
|---|---|
| RANDY BATES, and JOAN BRYAN <br><br> PLAINTIFFS, <br><br> v. <br><br> BEAUFORT COUNTY BOARD OF ELECTIONS AND VOTER REGISTRATION, SOUTH CAROLINA; Marilyn Caprielian, VICE CHAIRMAN, in her official capacity; ELLEN BRAY, BOARD MEMBER, in her official capacity; RON CLIFFORD, BOARD MEMBER, in his official capacity; PETE GODBEY, BOARD MEMBER, in his official capacity; DEAN HEWITT, BOARD MEMBER, in his official capacity; HUGH O'KANE, BOARD MEMBER, in his official capacity CURTIS A. PAULING, JR., BOARD MEMBER, in his official capacity; RUPERT WILLIAMS, BOARD MEMBER, in his official capacity; and the EXECUTIVE DIRECTOR, AGNES GARVIN, in her official capacity. <br><br> DEFENDANTS. | C.A. No.:_9:08-cv-3583-SB_____ <br><br><br><br> **COMPLAINT** |

Randy Bates and Joan Bryan, Plaintiffs herein, allege:

## JURISDICTION

1.  Jurisdiction in this Court arises under 28 U.S.C. §§ 1331, 1343, and 42 U.S.C. § 1973c. A single judge may hear and decide the preliminary issue of whether a three-judge District Court is required. Backus v. Spears, 677 F.2d 397, 400 (4th Cir. 1982). Final relief for a preclearance action brought under 42 U.S.C. § 1973c by a private party requires a three-judge District Court. Allen v. State Bd. of Elections, 393 U.S. 544, 563 (1969). This complaint alleges

a violation of the rights and immunities guaranteed under the equal protection and due process clauses of the Fourteenth Amendment to the Constitution of the United States of America as codified by Congress in the Voting Rights Act of 1965, as amended in 1973.

2. Plaintiffs bring this action, pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure, on behalf of themselves and all other person similarly situated as qualified electors of Beaufort County, South Carolina. As to the class members, (a) they are so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the classes; (c) the claims of the plaintiffs are typical of the claims of the classes; (d) plaintiffs will fairly and adequately protect the interests of the classes; and (e) defendants have acted and will act on grounds generally applicable to the classes, thereby making appropriate final injunctive relief and corresponding declaratory relief with the respect to the classes as a whole.

3. Plaintiffs sue on behalf of a class of voters in Beaufort County, South Carolina.

## FACTS

4. Plaintiff, Randy Bates, is and was at all times mentioned herein a citizen of Beaufort County, South Carolina. Plaintiff Joan Bryan, is and was at all times mentioned herein a citizen of the City of Hilton Head Island, a political subdivision of Beaufort County, South Carolina.

5. Defendants are responsible for conducting elections in Beaufort County, South Carolina, including the primary election held on June 10, 2008 and the general election to be held on November 4, 2008. S.C. Code Ann. § 7-13-70 (West Supp. 2007).

6. Defendants have acted and threaten to act under color of state law and are sued in their official capacity.

7. In 2006, Defendant Board Members, at a lawful public meeting, voted to continue

using the sequential candidate numbering on the ballots, specifically discussing the protections of the Voting Rights Act in reaching that decision.

8. Prior to the primary election held on June 10, 2008, Defendant Garvin made a discretionary decision to conform the ballot design to the formatting recommended by the State Election Commission without following preclearance procedures, as required by Section 5 of the Voting Rights Act, when she ordered the sequential candidate numbering used on the ballots for many years to be removed from the ballot. 42 U.S.C. 1973c (2000), 42 U.S.C. 15545 (2000); Lopez v. Monterey County, 525 U.S. 266, 278 (1999) (Holding that even nondiscretionary voting changes made by a political subdivision in order to comply with state law are, nevertheless, voting changes subject to section 5 preclearance.).

9. Defendant's acts caused, and will continue to cause, voters, disadvantaged because of illiteracy, but who are proficient with the use of numbers, unnecessary hardship as these voters will now have less independence while casting their vote. In the future, the voters here described may forego voting, because of the added difficulty when casting their ballots and the potential for embarrassment at the polling place as these voters now require assistance.

10. Defendants, by this act so subtle, have disenfranchised an entire class of voters, and by burdening them with increasing hardship, quiet further a voice that our elected officials need to hear. Allen, 393 U.S. at 565-66 and n. 30. The improper alteration does, in fact, dilute the ability of the minority vote to impact elections. See id.

### EQUITY

11. Plaintiffs have no adequate remedy at law and will suffer irreparable injury unless this Court grants immediate injunctive relief.

12. Plaintiff's have a strong likelihood of success on the merits, because the actions

of the Defendants constitute a voting qualification or a prerequisite to voting, and a change in voting standards, practices, and procedures.  42 U.S.C. §§ 1973 et seq.

## CAUSES OF ACTION

13. The conduct by Defendants as alleged above, unnecessarily deprives the members of Plaintiff's class of the right to vote independently, and does so without any explanation and without following the law in violation of 42 U.S.C. § 1973c and 42 U.S.C. § 1983.

14. Defendants have imposed a voting change that has not been precleared in violation of 42 U.S.C. § 1973c.  A private right of action to seek injunctive relief against a Section 5 violation exists for private citizens.  Allen, 393 U.S. at 554-57.  Section 5 enforcement actions require the three-judge District Court to decide "whether § 5 covers a contested change, whether § 5's approval requirements were satisfied, and if the requirements were not satisfied, what temporary remedy, if any, is appropriate."  Lopez, 519 U.S. at 23.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs prays for judgment against Defendants as follows:

1. For an early hearing on Plaintiff's plea for preliminary relief;

2. That a temporary restraining order be granted to maintain the status quo

3. That the voting changes complained of be declared null and void;

4. That the Beaufort County Board of Elections and Voter Registration be compelled to return to the practices and or procedures in effect prior to the change complained of; and

5. Void the illegally-conducted primary election;

6. Enjoin upcoming elections unless and until the jurisdiction complies with Section 5;

7. Ordering such additional relief as the interest of justice may require, together with

- 5 -

all of the costs, disbursements, and attorney's fees required to maintain this action..

                          Respectfully submitted,

                          _____
                          Charles M. Dulaney
                          Federal Bar # 10318
                          Dulaney Law Firm, LLC
                          505 Belle Hall Parkway, Suite 101
                          Mt. Pleasant, South Carolina 29464
                          (843) 856-2627